IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DUDLEY L. HARRIS,

        Plaintiff,        Civil Action No.
                                  5:14-CV-0013 (LEK/DEP)

    v.

WILLIAM SUMMERS, *et al.*,

        Defendants.

---

APPEARANCES:

FOR PLAINTIFF:

DUDLEY HARRIS, *Pro Se*
943 W. Lafayette Ave.
Syracuse, NY 13205

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

### REPORT, RECOMMENDATION, AND ORDER

    *Pro se* plaintiff Dudley Harris has commenced this action against the City of Syracuse and nine employees of the Syracuse City Police Department, pursuant to 42 U.S.C. § 1983 and New York State common

law, alleging, *inter alia*, deprivation of his civil rights. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me by the clerk for review. For the reasons set forth below, plaintiff's IFP application is granted. I recommend, however, that his complaint be dismissed, *sua sponte*, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend.

I. BACKGROUND

Plaintiff commenced this action on January 6, 2014. Dkt. No. 1. In his complaint, plaintiff alleges that, on April 4, 2013, defendant William Summers, a Syracuse City Police Officer, submitted a "false sworn application," presumably in support of an application for the issuance of one or more search warrants, stating that plaintiff sold cocaine to a confidential informant on three occasions. Dkt. No. 1 at 3. Liberally construed, plaintiff further alleges that, as a result of defendant Summer's application, defendants M. Hartnett, D. Proud, M. Dillon, D. Babbage, S. Fura, E. Falkowski, J. Corbett, D. Belgrader, all police officers employed by the Syracuse Police Department, along with defendant Summer, executed searches of plaintiff's home, vehicle, and person on April 11, 2013. *Id.* at

2

3-4. Those searches resulted in plaintiff's arrest and criminal prosecution. *Id.* at 4.

Plaintiff's complaint asserts claims of false arrest, false imprisonment, malicious prosecution, perjury, harassment, cruel and unusual punishment, and unlawful search and seizure, in violation of New York common law and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Dkt. No. 1 at 5. As relief, plaintiff seeks recovery of damages in the amount of $7 million.

Plaintiff's complaint was accompanied by a motion for leave to proceed IFP. Dkt. No. 2.

II. DISCUSSION

    A. Application to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an

meets the requirements for IFP status, his application for leave to proceed IFP is granted.[2]

   B.   Sufficiency of Plaintiff's Claims

      1.   Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v.*

---

affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]   Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

4

*Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is

5

based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6

Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

        i.    <u>Section 1983</u>

Here, plaintiff brings this action pursuant to, *inter alia*, 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). Section 1983 "'is not itself a source of substantive rights[,]' . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of*

*Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

As an initial matter, plaintiff's complaint fails to allege sufficient facts plausibly suggesting the personal involvement of the individual defendants in the constitutional violations alleged. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the

8

injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

In this case, plaintiff alleges that, on April 4, 2003, defendant Summer submitted a false sworn application claiming that plaintiff sold cocaine to a confidential informant on three occasions resulting in a search of plaintiff's residence, vehicle, and person. Dkt. No. 1 at 3. There are no other factual allegations in the complaint regarding the alleged false application, including, for example, the basis of the application, whether plaintiff, in fact, sold cocaine, or specifically how the application was used to violate plaintiff's constitutional rights. Accordingly, I find that the allegations in connection with the section 1983 claim asserted against defendant Summer is not sufficient at this juncture to support a cognizable section 1983 claim against him.

The allegations against the remaining individual defendants are even more nebulous. Those that pertain to the individual defendants, other than defendant Summer, are as follows:

> On the 11th day of April, 2013 all defendants executed the search warrants at 358 Stafford Ave., Syracuse, New York, in which resulted in me being arrested on false charges and trumped up charges by the arresting officers, W. Summers, J. Corbett, D. Belgrader, M. Hartnett, D. Proud, M. Dillon, D. Babbage, S. Fura, and E. Falkowski[.]

*Id.* at 4. None of those allegations state precisely what each defendant did and how it violated plaintiff's rights. Instead, plaintiff conclusorily states that defendants executed a search and arrested him on false charges. Without more, plaintiff's allegations fail to state a claim upon which relief may be granted.

With respect to the section 1983 claim against defendant City of Syracuse, plaintiff asserts a municipal liability claim. *See* Dkt. No. 1 at 4 ("On the 4th and 11th day of April, 2013 the City of Syracuse was responsible for care and duty of their employees who wronged me on these two days."). While amenable to suit under section 1983, a municipality may not be held liable under that section for the acts of its employees based on a theory of *respondeat superior*. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Blond v. City of Schenectady*, No. 10-CV-0598, 2010 WL 4316810, at *3 (N.D.N.Y. Oct. 26, 2010) (McAvoy, J.); *Birdsall v. City of Hartford*, 249 F. Supp. 2d 163, 173 (D. Conn. 2003).

For liability to attach against a municipality under section 1983, a plaintiff must establish that the constitutional violation resulted from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91; *Blond*, 201 WL 4316810, at *3; *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000). In this case, there are no allegations that defendant City of Syracuse promulgated a policy that resulted in the constitutional violations alleged in plaintiff's complaint. Rather, plaintiff has merely alleged that defendant City of Syracuse is liable under a theory of *respondeat superior*, which is not permissible under section 1983.

In summary, I recommend that the court dismiss all of the section 1983 claims against all of the defendants.

### ii. False Arrest/Imprisonment

Plaintiff has asserted various New York State common law claims against defendants, including false arrest, false imprisonment, and wrongful confinement. Dkt. No. 1 at 5. False arrest, false imprisonment, and

11

wrongful confinement are functionally the same cause of action. *See Holland v. City of Poughkeepsie*, 90 A.D.3d 841, 845 (2d Dep't 2011) ("The third cause of action alleged false arrest and false imprisonment, which are two names for the same tort.") (citation omitted); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("The common law tort of false arrest is a species of false imprisonment."). "Under New York law, the elements of a false imprisonment claim are (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer*, 63 F.3d at 118 (quotation marks, brackets, and citations omitted).

    The conclusory allegations in plaintiff's complaint in this case do not satisfy the pleading requirements for a false arrest claim under New York common law. There are no factual allegations, for example, regarding what particular evidence was falsified, why the arrest was not privileged, or how the individual defendants allegedly knew that the evidence upon which they relied to arrest plaintiff was false. Accordingly, I recommend that the false arrest, false imprisonment, and wrongful confinement claims asserted against the individual defendants be dismissed.

### iii. Malicious Prosecution

Plaintiff's complaint also asserts a malicious prosecution claim arising under state law against the defendants. Dkt. No. 1 at 5. "Under New York law, to state a claim for malicious prosecution, a plaintiff must establish four elements: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Caidor v. M&T Bank*, No. 05-CV-0297, 2006 WL 839547, at *7 (N.D.N.Y. Mar. 27, 2006) (Scullin, J.) (quotation marks omitted). In this case, there are no allegations in the complaint that a criminal proceeding terminated in plaintiff's favor or that any of the individual defendants acted with malice. Moreover, as discussed above in connection with the false arrest claim, there are no allegations regarding the facts surrounding the allegation that plaintiff's arrest was based on incorrect or falsified information. For these reasons, I recommend that the malicious prosecution claims asserted against the individual defendants be dismissed.

### iv. Harassment and Perjury

Plaintiff's complaint also asserts common law claims of harassment and perjury against the defendants. Dkt. No. 1 at 5. I recommend that both of those claims be dismissed because New York does not recognize a common law cause of action for either harassment or perjury. *See Carvel v. Ross*, No. 12-CV-0722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (dismissing the plaintiff's perjury claim because "there [is] no private right of action" for perjury) (citing *Abrahams v. Inc. Vill. of Hempstead*, No. 08-CV-2584, 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009)); *Rivers v. Towers, Perrin, Forster & Crosby, Inc.*, No. 07-CV-5441, at *11 (E.D.N.Y. Mar. 27, 2009) ("Plaintiff's claim for harassment is dismissed because New York does not recognize a common law cause of action for harassment.") (citing *Bouchard v. New York Archdiocese*, No. 04-CV-9978, 2006 WL 1375232, at *4 n.4 (S.D.N.Y. May 18, 2006)); *see also Gentile v. Allstate Ins. Co.*, 288 A.D.2d 180, 180 (2d Dep't 2001).

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."

14

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

Here, I conclude that, with the exception of the common law harassment and perjury claims, it is possible that, with the inclusion of additional factual allegations, plaintiff may be able to state a plausible claim

against the defendants. For that reason, I recommend that plaintiff be permitted to submit an amended complaint that cures the deficiencies identified in this report. With respect to plaintiff's harassment and perjury claims, however, because those causes of action are not cognizable under state law, I recommend that they be dismissed with prejudice.

In the event plaintiff chooses to file an amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in his amended complaint, plaintiff must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly

connected to those deprivations. *Bass*, 790 F.2d at 263. Finally, plaintiff is informed that any such amended complaint will replace the existing amended complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's application for leave to proceed IFP, which reflects no sources of income whatsoever, supports a finding that he is eligible for IFP status. A review of plaintiff's complaint, however, reflects that it lacks sufficient factual allegations to support a finding that plausible claims have been asserted against the defendants in this action. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be dismissed, with leave to replead within thirty (30) days from the date of an order approving this recommendation, except as to plaintiff's claims of perjury and harassment, which should be dismissed with prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: February 3, 2014
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge