IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DUDLEY L. HARRIS,

    Plaintiff,    Civil Action No.
            5:14-CV-0013 (LEK/DEP)

 v.

WILLIAM SUMMERS, *et al.*,

    Defendants.

---

APPEARANCES:

FOR PLAINTIFF:

DUDLEY HARRIS, *Pro Se*
943 W. Lafayette Ave.
Syracuse, NY 13205

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dudley Harris has commenced this action, pursuant to 42 U.S.C. § 1983 and New York State common law, alleging, *inter alia*, deprivation of his civil rights. Following the issuance of an order by Senior

District Judge Lawrence E. Kahn, plaintiff's original complaint was dismissed in its entirety with leave to file an amended complaint with respect to the majority of his asserted claims. Plaintiff has now filed an amended complaint in this action, and it has been forwarded to me by the clerk for review. For the reasons set forth below, I recommend that plaintiff's equal protection claim be dismissed but that his amended complaint otherwise be accepted for filing.

I. BACKGROUND

Plaintiff commenced this action on January 6, 2014, with the filing of a complaint and application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. In that complaint, plaintiff asserted various claims, pursuant to section 1983 and state law, against several individual defendants, as well as the City of Syracuse. *See generally* Dkt. No. 1. Following my review of both the original complaint and IFP application, on February 3, 2014, I granted plaintiff's application to proceed IFP, and issued a report to Judge Kahn recommending that the complaint be dismissed in its entirety, but that plaintiff be granted leave to file an amended complaint. Dkt. No. 4. In lieu of filing any objections to my report, plaintiff filed an amended complaint on February 20, 2014. Dkt. No. 5. Judge Kahn adopted my report on April 3,

2

2014, and the clerk has since forwarded plaintiff's amended complaint to me for review.[1]

The amended complaint names only one individual defendant, William Summers, a police detective who was employed by the Syracuse Police Department at the times relevant to this action. Dkt. No. 5 at 3, 5. Plaintiff alleges that, on April 4, 2013, defendant Summers submitted a falsified application for a search warrant of his home, person, and vehicle. *Id.* at 5. According to plaintiff, defendant Summers' application included false allegations that a confidential informant purchased cocaine from him on three separate occasions. *Id.* The application for a warrant was issued, and a search of plaintiff's home, vehicle, and person was executed on April 11, 2013. *Id.* Plaintiff was arrested on the same date and charged with several crimes under New York State Penal Law, including criminal possession of a controlled substance in the third and seventh degrees. *Id.* at 6.

Plaintiff alleges that, although defendant Summers stated in his application for a search warrant that he logged the drugs allegedly purchased by the confidential informant from plaintiff, no drugs were

---

[1] Judge Kahn's decision adopting my report and recommendation does not comment on the sufficiency of plaintiff's amended complaint.

actually logged into the Syracuse Police Department property room. *Id.* at 5, 8. The criminal charges arising from the search on April 11, 2013, were dismissed on November 26, 2013. *Id.* at 8, 26.

As a result of the above allegations, plaintiff asserts that defendant Summers violated his Fourth, Eighth, and Fourteenth Amendment rights, and that Summers is liable for false arrest under New York state law. Dkt. No. 5 at 3. He seeks $7 million in damages. *Id.* at 8-10.

II. DISCUSSION

Because plaintiff is proceeding in this case IFP, I must consider the sufficiency of the claims set forth in his amended complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint

4

before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most

6

favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. Analysis

a. Plaintiff's Equal Protection Claim

In his amended complaint, plaintiff asserts, *inter alia*, an equal protection claim under the Fourteenth Amendment against defendant Summers pursuant to section 1983. Dkt. No. 5 at 3.

The equal protection clause of the Fourteenth Amendment directs state actors to treat similarly situated people alike. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish an equal protection cause of action, a plaintiff must prove that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class.

*Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995). In this instance, plaintiff's amended complaint does not allege any facts plausibly suggesting that he was treated differently than others similarly situated, he was treated differently than anyone as a result of purposeful discrimination, or he is part of a suspect class. *See generally* Dkt. No. 5. For these reasons, I recommend that his equal protection claim be dismissed.

b. <u>Plaintiff's Remaining Claims</u>

Aside from the equal protection claim, which was not asserted in the original complaint, plaintiff's amended complaint has, in large part, cured the deficiencies identified in my report and recommendation regarding his original complaint. *Compare* Dkt. No. 4 *with* Dkt. No. 5. For example, the amended complaint alleges facts that extend beyond merely stating, in conclusory fashion, that defendant Summers falsified an application for a search warrant, which triggered a series of allegedly unlawful conduct allegedly resulting in the violation of plaintiff's constitutional rights. *See generally* Dkt. No. 5. Accordingly, I conclude that the amended complaint cannot be considered frivolous or failing to state a colorable claim, and

therefore will direct that the clerk accept the complaint for filing and issue a summons for defendant Summers.[2]

III. SUMMARY AND RECOMMENDATION

Based on the foregoing, it is hereby

RECOMMENDED that plaintiff's amended complaint be accepted for filing in this action, with the exception of plaintiff's equal protection claim; and it is further

RECOMMENDED that plaintiff's equal protection claim be dismissed.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

---

[2] In accepting plaintiff's amended complaint for filing, the court expresses no opinion regarding the merits of plaintiff's claims, or whether the allegations contained in it are sufficient to withstand a properly filed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

9

Dated: April 18, 2014
Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge